*1230 OPINION.
Trammell :
The issue involved in this proceeding is whether during 1919, 1920, and 1921 the petitioner was a personal service corporation within the meaning of section 200 of the Revenue Acts of *1231 1918 and 1921. The pertinent provisions of that section are as follows:
The term “ personal service corporation ” means a corporation whose income is to be ascribed primarily to the activities of the principal owners or stockholders who are themselves regularly engaged in the active conduct of the affairs of the corporation and in which capital (whether invested or borrowed) is not a material income-producing factor * * *.
It is clear that the abstract records constituting its plant were capital. While we do not know the amount invested in such assets, we do know that they were used by the petitioner in producing its income. They had been built up over a long period of years. It was necessary to keep them posted from day to day from the public records. Appeal of Record Abstract Co., 2 B. T. A. 628.
The amount of capital used in the business is not important if what was used was a material factor in producing the income. We think that the records and books of the petitioner which it used in making its abstracts of title were a material factor in the production of the income. It was testified that the same service could not have been rendered without them; that petitioner could not have made as much money and that without these records it would have taken at least 25 per cent longer time to prepare the abstracts. Even if it be conceded that it was not necessary to use these records in carrying on the business, the fact is they were actually used with great advantage. The saving of 25 per cent of time by their use is itself a material element of advantage and was a material income-producing factor. The fact also appears that the same service could not have been rendered without them.
In addition to the value to the business of the records, the petitioner guaranteed its abstracts and held itself responsible for their correctness. This guarantee depended for its value upon financial responsibility as well as personal integrity and good reputation of the corporation and its officers, and created a legal liability if any errors occurred in their abstracts. The testimony is to the effect that this added materially to the company’s business. It was a protection not fully afforded by any other abstract office in that county.
In view of these facts, it is our opinion that capital was a material income-producing factor in the petitioner’s business. This being true, one of the tests required to be met is lacking and the company does not come within the scope of section 200 of the statute. It thus becomes unnecessary to discuss the other features of the case as to whether the petitioner lacks or has met the other requirements of the statute.

Judgment will be entered for the respondent.